## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Adolfo Gutierrez Avila, Jr., | Case No. 22-cv-00180 (SRN/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Ryan Bellefy, | |
| Defendant. | |

Adolfo Gutierrez Avila, Jr., MCF-Faribault, 1101 Linden Lane, Faribault, Minnesota 55021, Pro Se Plaintiff.

Carole C. Olander & Rachel E. Bell-Munger, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1400, St. Paul, Minnesota 55101, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Adolfo Gutierrez Avila, Jr.'s Motion to Alter or Amend the Judgment [Doc. No. 64]. For the reasons set forth below, Mr. Avila's Motion is denied.

## I.     BACKGROUND

With the full factual and procedural background of this matter set forth in the Court's previous Order, (Summ. J. Order [Doc. No. 62]), the Court briefly recounts key details to provide context for Mr. Avila's Motion.

Mr. Avila is currently serving a sentence for criminal sexual conduct at the Minnesota Correctional Facility in Faribault, Minnesota ("MCF-Faribault"). *See* Minnesota Department of Corrections ("DOC"), Offender Locator,

1

https://coms.doc.state.mn.us/publicviewer/ (last visited June 21, 2023). He brought this suit pursuant to 42 U.S.C. § 1983 against Defendant Ryan Bellefy, a DOC correctional officer, alleging the use of excessive force in violation of the Eighth Amendment. (*See* Compl. [Doc. No. 1].) Specifically, Mr. Avila alleges that in February 2016 Officer Bellefy knocked him to the ground while responding to an unrelated disturbance, resulting in a "serious and permanent lower back injury" to Mr. Avila. (Compl. at 4.)

Officer Bellefy moved for summary judgment on the basis that Mr. Avila had failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Def.'s Mem. [Doc. No. 35] at 1–2, 6–7.) Magistrate Judge Schultz found no dispute of material fact regarding Mr. Avila's failure to exhaust and recommended granting summary judgment. (Report & Recommendation ("R&R") [Doc. No. 57] at 6–10.) Mr. Avila objected to the R&R, admitting that he did not exhaust his administrative remedies but contending that he could not do so because the DOC's officers were "unable and consistently unwilling to provide any relief[.]" (Pl.'s Objs. [Doc. No. 58] at 1.) On February 17, 2023, this Court adopted the R&R over Mr. Avila's objections and granted Officer Bellefy's Motion. (*See* Summ. J. Order at 9–10.)

Mr. Avila now moves the Court to alter or amend that Order and deny Officer Bellefy's motion for summary judgment. (Pl.'s Mot. [Doc. No. 64] at 1.) He argues that the Court overlooked three material facts that each prevented him from complying with the grievance procedure: his alleged physical injuries; his untreated mental illness; and affirmative misconduct by DOC officials. (Pl.'s Mem. [Doc. No. 65] at 2–3; Pl.'s Reply

2

[Doc. No. 72] at 1.) Mr. Avila further contends that video evidence of his encounter with Officer Bellefy—which has yet to be produced by the DOC—would defeat Officer Bellefy's Motion. (Pl.'s Reply at 3–4.) In support of his Motion, Mr. Avila submitted medical records, a letter from an attorney, and a signed declaration from January 2022. (Pl.'s Exs. [Doc. No. 66].)

In response, Officer Bellefy asserts that Mr. Avila seeks to rehash arguments previously raised and rejected. (Def.'s Opp'n [Doc. No. 70] at 4, 5.) He also argues that Mr. Avila presents no new evidence demonstrating the extraordinary circumstances that Rule 59(e) is intended to relieve. (*Id.* at 9.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) provides a mechanism for a party to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59(e) therefore "serve[s] the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence,'" and motions for such relief "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

To prevail on a Rule 59(e) motion, the movant must show: "(1) the evidence was discovered after the summary judgment hearing; (2) the movant exercised due diligence to discover the evidence before the end of the summary judgment hearing; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the

3

evidence would probably produce a different result." *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015–16 (8th Cir. 2012) (quoting *Callanan v. Runyan*, 75 F.3d 1293, 1297 (8th Cir. 1996)). While courts have "broad discretion" in determining whether to grant or deny a motion under Rule 59(e), *id.*, relief is granted only in "extraordinary circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987).

## III.   DISCUSSION

Mr. Avila challenges the Court's consideration of his failure to exhaust administrative remedies, arguing that the grievance procedure was unavailable to him. (*See* Pl.'s Mem.)

The Court has addressed this issue before. Mr. Avila argued before the magistrate judge that the grievance procedure was unavailable because DOC officials transferred him to a different facility and because the extent of his injuries was only discovered in June 2021, more than five years after the allegedly injurious incident. (*See* Pl.'s Opp'n to Summ. J. [Doc. No. 48] at 3–4, 7–8; Avila Summ. J. Affidavit [Doc. No. 50] at 3–4.) The magistrate judge plainly rejected these arguments, explaining that the evidence showed that Mr. Avila could continue the grievance process after his transfer and that he did not need to know the extent of his injuries to grieve them when they occurred. (R&R at 7–10.)

In reviewing Mr. Avila's objections to the R&R, this Court found that "nothing prevented him from filing informal kites, followed by a timely formal grievance, followed by a timely grievance appeal," as the relevant DOC policy required. (Summ. J. Order at 8.) Indeed, the Court, like the magistrate judge, noted the "unrebutted evidence" that Mr. Avila had in fact filed an improper formal grievance the same day of his injury. (*Id.* at 9; R&R at

7.) This factual finding, which Mr. Avila again does not attempt to rebut, forecloses any assertion that Mr. Avila was too ill to participate in the grievance process.

Even setting aside that Mr. Avila actually grieved his injuries, the arguments he raises here about his mental and physical condition constitute "new arguments which *could* have been offered or raised prior to the entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (emphasis added).[1] And the Court already considered and rejected his argument that DOC officials thwarted his attempt to comply with the grievance procedure by transferring him. (Summ. J. Order at 9.) As such, none of these arguments raise a proper basis for relief under Rule 59(e). *See, e.g.*, *United States v. Martinez*, No. 11-cr-131(2) (SRN/AJB), 2013 WL 3995385, at *3 (D. Minn. Aug. 5, 2013) (rejecting defendant's attempt to "use a Rule 59(e) motion to re-litigate" issues previously decided).

Moreover, Mr. Avila has not met his burden to show that new evidence "was discovered after the summary judgment hearing." *Briscoe*, 690 F.3d at 1015. The medical records provided in support of the present motion appear to be excerpts from the medical records that Mr. Avila attached to his Complaint. (*Compare* Compl., Ex. 2 at 13–28, *with* Pl.'s Exs. at 1–7.) They thus formed part of the record considered on summary judgment. Similarly, the remaining documents are dated September 2014, May 2016, and January

---

[1] In addition to being an improper basis to set aside the judgment, these arguments lack support in the caselaw. The Eighth Circuit has not recognized an exception to the PLRA's exhaustion requirement for delays in the grievance process due to medical complications. *Hahn v. Armstrong*, 407 F. App'x 77, 79 (8th Cir. 2011); *Hill v. Malachinski*, No. 14-CV-1578 (DSD/BRT), 2015 WL 9916294, at *9 (D. Minn. Dec. 30, 2015) (citing *Hill*); *Fields v. Berts*, No. 20-cv-2227 (ECT/JFD), 2022 WL 18539643, at *5 (D. Minn. Dec. 29, 2022) (citing *Hill*).

2022. (*See* Pl.'s Exs. at 8–10.) Mr. Avila does not argue that he lacked these documents at the time of the summary judgment motion. (*See generally* Pl.'s Mem.; Pl.'s Reply.) Without newly-discovered evidence, Mr. Avila cannot use Rule 59(e) to contest the availability of the grievance procedure.

Mr. Avila finally argues that the DOC blocked his discovery of a monitoring surveillance video capturing his encounter with Officer Bellefy. (Pl.'s Reply at 3–4.) He urges that this video will show how Officer Bellefy "caused severe medical conditions to inmate Avila that rendered inmate Avila mentally and physically ill way past the 45-day period to file a grievance." (*Id.* at 3.) Again, the Court finds that presentation of this evidence would not "probably produce a different result" because the Court already determined that Mr. Avila actually grieved his injuries on the day that they occurred. *Briscoe*, 690 F.3d at 1016.

In sum, Mr. Avila has not demonstrated a "manifest error[] of law or fact" or presented newly discovered evidence to warrant altering the Court's previous judgment under Rule 59(e). *Innovative Home Health Care, Inc.*, 141 F.3d at 1286. The Court reaffirms its conclusion that Mr. Avila has not exhausted his administrative remedies as required by the PLRA. Accordingly, the Court will deny his Motion to Alter or Amend the Judgment.

## IV.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Avila's Motion to Alter or Amend the Judgment [Doc. No. 64] is **DENIED**.


Dated: June 22, 2023                                          s/ Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge